IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION


**THE WESTERN UNION COMPANY,**
         **Plaintiff,**

-vs-                                                                                              Case No.  A-07-CA-372-SS

**MONEYGRAM INTERNATIONAL, INC.,**
         **Defendant.**

_____

# FINAL JUDGMENT

BE IT REMEMBERED that on the 14th day of September 2009, the Court called the above-styled case, and all parties appeared through their respective representatives and counsel and announced ready for trial.  A jury composed of seven legally qualified jurors was empaneled, and the case proceeded to trial on September 14, 2009.[1]  On September 16, 2009, the plaintiff Western Union Company ("Western Union") rested its case (subject to and by agreement to the testimony of two additional witnesses to be called by the defendant), and the defendant Moneygram Payment Systems, Inc. ("Moneygram") filed a motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.  [#372].  The Court granted the motion in part, as to the issue of indirect infringement, and carried the rest of the motion.  The trial proceeded until September 22, 2009, when both Western Union and Moneygram rested their respective cases and filed and/or renewed their previously and separately filed motions for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.  [#380]; [#382].  The Court denied Moneygram's Rule 50 motion

---

[1] One juror was excused during the course of the trial and before deliberations for personal reasons and no party objected.  Therefore, the verdict was returned by a jury of six.

and granted in part and denied in part Western Union's Rule 50 motion, as set out in the Court's written order signed on September 23, 2009.

The case proceeded, and after the Court had instructed the jury and all counsel had made their final arguments, the case was submitted to the jury on September 23, 2009. The jury returned its verdict on September 24, 2009, answering the questions as follows:

<u>Question 1</u>:   Yes, as to the following claims: claim 1 of the '203 patent on or before May of 2006, claim 12 of the '203 patent on or before May of 2006, claim 16 of the '203 patent on or before May of 2006, claim 21 of the '203 patent on or before May of 2006, claim 20 of the '747 patent on or before May of 2006, claim 12 of the '309 patent on or before May of 2006, and claim 22 of the '309 patent on or before May of 2006.

<u>Question 2</u>:   Yes, as to the following claims: claim 1 of the '203 patent after May of 2006, claim 12 of the '203 patent after May of 2006, claim 16 of the '203 patent after May of 2006, claim 20 of the '747 patent after May of 2006, and claim 2 of the '094 patent on or before August of 2007.

<u>Question 3</u>:       No

<u>Question 4</u>:       No (as to all claims)

<u>Question 5</u>:       No (as to all claims)

<u>Question 6(a)</u>:    No

<u>Question 6(b)</u>:    Blank

<u>Question 7(a)</u>:    No

<u>Question 7(b)</u>:    Blank

<u>Question 8(a)</u>:    7.5% as to the Send Patents; 1.5% as to the Receive Patent

    Question 8(b):        On or before May 2006:        $5,456,954.48

                                  After May 2006:              $11,072,547.33

Said Verdict Form was signed by the presiding juror, who advised in open court that it was a unanimous verdict, and the verdict was accepted by the Court and filed by the Clerk. Thereafter, on this date, the Court enters this judgment based upon the pleadings, evidence, trial record, and jury verdict:

1.     The Court FINDS it has jurisdiction over the parties and the subject matter.

2.     IT IS ORDERED, ADJUDGED and DECREED that Defendant Moneygram literally infringed claims 1, 12, 16, and 21 of United States Patent No. 6,488,203 (the "'203 patent") on or before May of 2006; claim 20 of United States Patent No. 6,502,747 (the "'747 patent") on or before May of 2006; and claims 12 and 22 of United States Patent No. 6,761,309 (the "'309 patent") on or before May of 2006, by manufacturing, using, selling, and/or offering to sell the FormFree system, in accordance with the jury's verdict.

3.     IT IS ORDERED, ADJUDGED, and DECREED that Defendant Moneygram infringed under the doctrine of equivalents claims 1, 12, and 16 of the '203 patent after May of 2006; claim 20 of the '747 patent after May of 2006; and claim 2 of United States Patent No. 7,070,094 (the "'094 patent") on or before August of 2007, by manufacturing, using, selling, and/or offering to sell the FormFree system, in accordance with the jury's verdict.

4.  IT IS ORDERED, ADJUDGED, and DECREED that Defendant Moneygram's infringement of the above-listed claims of the '203 patent, the '309 patent, the '747 patent, and the '094 patent was not willful, in accordance with the jury's verdict.

5.  IT IS ORDERED, ADJUDGED, and DECREED that claims 1, 12, 16, and 21 of the '203 patent; claim 20 of the '747 patent; and claims 12 and 22 of the '309 patent are not invalid or unenforceable, in accordance with the jury's verdict.

6.  The Court FINDS that, although Western Union delayed in filing suit for an unreasonable and inexcusable length of time after the time it knew or reasonably should have known of its claims for infringement against Moneygram, Moneygram did not show by a preponderance of the evidence at trial that there was any prejudice to Moneygram based on this delay.

7.  IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Western Union's claims are not barred by the equitable doctrine of laches.

8.  The Court FINDS, in accordance with the advisory finding of the jury, that there was not clear and convincing evidence presented at trial that anyone involved in the prosecution of the '203 patent, the '309 patent, the '747 patent, or the '094 patent withheld material prior art from the Patent and Trademark Office, nor was there clear and convincing evidence presented at trial that any such person had any intent to deceive the Patent and Trademark Office in its examination of the patents in suit.

9.  IT IS THEREFORE ORDERED, ADJUDGED and DECREED that no one involved in the prosecution of the '203 patent, the '309 patent, the '747 patent, or the '094

patent engaged in inequitable conduct such as would render the patents unenforceable.

10. The Court ENTERS the following findings of facts and conclusions of law in accordance with *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006):

   a. The Court has entered judgment Defendant MoneyGram infringed Western Union's patents; specifically, claims 1, 12, 16, and 21 of the '203 patent; claim 20 of the '747 patent; claims 12 and 22 of the '309 patent; and claim 2 of the '094 patent, as interpreted by the Court. The Court FINDS that with respect to claims 1, 12, and 16 of the '203 patent, and claim 20 of the '747 patent, such infringement by Moneygram continues to the present.

   b. The Court FINDS that Western Union has suffered an irreparable injury as a result of Moneygram's continued infringement of the Western Union Patents, as Western Union and Moneygram are in direct competition in the money transfer market.

   c. The Court FINDS that Western Union's injury resulting from Moneygram's continued infringement has no adequate remedy at law, due to the fact Western Union has not licensed its patents to any party, competitor or otherwise, and due to the direct competition between Western Union and Moneygram for agent contracts.

   d. The Court FINDS that, in consideration of the balance of hardships between Western Union and Moneygram, a permanent injunction is warranted, as Western Union's injuries outweigh any harm Moneygram may incur.

e. The Court FINDS that the public interest is served by the enforcement of patent rights, and that no particular public interest will be harmed by entry of a permanent injunction against Moneygram.

f. Therefore, in consideration of the equitable factors listed in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), the Court CONCLUDES that a permanent injunction against Moneygram is an appropriate remedy in equity.

g. In accordance with the foregoing, IT IS ORDERED, ADJUDGED, and DECREED that Moneygram, all of the current and future owners of Moneygram, their successors in interest or assigns, and all those in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are:

   i. Permanently enjoined from using any system or method of transferring money that falls within the scope of claims 1, 12, 16, and 21 of the '203 patent; claim 20 of the '747 patent; claims 12 and 22 of the '309 patent; and claim 2 of the '094 patent as interpreted by the Court, and

   ii. Permanently enjoined from using Moneygram's current Infringing System or method for transferring money (the "FormFree system") and from using all merely colorable variations of that system.

11.  IT IS ORDERED, ADJUDGED, and DECREED that Western Union is awarded damages in the amount of $16,529,501.81, plus prejudgment interest based on the 52-week United States Treasury Bill rate compounded annually.

12.  IT IS ORDERED, ADJUDGED, and DECREED that post-judgment interest on Western Union's award will accrue from the date of entry of this Judgment in accordance with 28 U.S.C. § 1961 at the rate of 0.33 percent per annum until paid.

13.  IT IS ORDERED, ADJUDGED, and DECREED that this case is not determined to be an "exceptional" case pursuant to 35 U.S.C. § 285.

14.  IT IS ORDERED, ADJUDGED, and DECREED that costs in the amount of $221,995.08 (TWO HUNDRED AND TWENTY-ONE THOUSAND, NINE HUNDRED AND NINETY-FIVE DOLLARS AND EIGHT CENTS) are taxed to defendant Moneygram.

15.  IT IS ORDERED, ADJUDGED, and DECREED that each of the previous Orders and decisions entered by this Court in this case, unless reversed and/or vacated, remain in effect and are incorporated into this Judgment by reference.

16.  IT IS ORDERED, ADJUDGED, and DECREED that all other relief sought by any party is denied as this is a final judgment of the District Court in this case.

17.  IT IS FINALLY ORDERED, ADJUDGED, and DECREED that the Clerk SHALL, upon request, issue a writ of execution on this judgment.

SIGNED this the 18th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE